IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## CITY OF MEMPHIS v. SAMUEL CROUT

**Appeal from the Chancery Court for Shelby County
No. CH-21-0984    Melanie Taylor Jefferson, Chancellor**

—————————————————————

### No. W2024-00989-COA-R3-CV

—————————————————————

Appellant, City of Memphis, has appealed an order of the Shelby County Chancery Court that was entered on June 4, 2024. We determine that the trial court's order does not constitute a final appealable judgment. As a result, this Court lacks jurisdiction to consider this appeal. The appeal is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. STEVEN STAFFORD, P.J., W.S.; KENNY ARMSTRONG, J.; CARMA DENNIS MCGEE, J.

Joseph Matthew Fletcher, Memphis, Tennessee, for the appellant, City of Memphis.

Samuel J. Muldavin, Memphis, Tennessee, for the appellee, Samuel Crout.

## MEMORANDUM OPINION[1]

Pursuant to Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the record on appeal to determine whether this Court has subject matter jurisdiction over the appeal. Upon review, it appeared that the instant appeal is not ripe for appellate review. A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v.*

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The order appealed was entered on June 4, 2024, and Appellant filed a timely notice of appeal on July 5, 2024. However, also on July 5, 2024, Appellant filed a motion titled "Employer's Motion to Correct Error in Final Judgment" with the trial court. There is no indication in the record that the trial court ruled on the aforementioned motion. In the absence of a ruling on the pending motion in the trial court, subject matter jurisdiction does not attach in this Court on the filing of the notice of appeal. *See* Tenn. R. App. P. 4(e).

Therefore, on January 6, 2025, this Court entered an order directing the parties to, within thirty (30) days, either obtain a final order from the trial court or else to show cause in this Court why the appeal should not be dismissed. On March 7, 2025, the Clerk of this Court received a notice from the trial court clerk stating that "[t]o date, no further action has been taken by any party to this case."

On March 18, 2025, this Court entered a second show cause order permitting Appellant a final opportunity to comply with this Court's previous Order by supplementing the appellate record with a final judgment within fifteen (15) days. We further warned: "If Appellant fails to comply with this Order within the time allowed herein, this appeal **shall be dismissed without further notification of the Court, with costs taxed to Appellant**." On April 10, 2025, the Clerk of this Court received a second notice of non-compliance from the trial court clerk. This Court has not received any further filings or communications from Appellant.

As the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. Thus, the appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, City of Memphis, for which execution may issue.

PER CURIAM